UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARTEAGA,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HARLEM,<br><br>　　　　　　　Defendant. | Case No. CV 16-7702-DDP (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## INTRODUCTION

Plaintiff Jose Arteaga ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint ("Complaint") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendant Harlem ("Defendant") violated his Eighth Amendment right based upon an alleged use of excessive force. As discussed below, the Court dismisses the Complaint with leave to amend for failure to state a claim.

## II.
## ALLEGATIONS IN COMPLAINT

On October 17, 2016, Plaintiff, who is in the custody of the California Department of Corrections and Rehabilitation and currently confined at the California Men's Colony State Prison ("CMC"), filed the instant Complaint

against Defendant, a correctional officer at CMC, in both his individual and official capacity. ECF Docket ("Dkt.") No. 1, Compl. at 8.[1]

According to the Complaint, on June 25, 2014, Defendant was escorting Plaintiff from the shower when he "forcefully pushed Plaintiff inside of the Officer's office while Plaintiff was being handcuffed." Id. at 9. Plaintiff claims Defendant pushed Plaintiff against the wall and said, "You took extra time showering and I'm not going to be dealing with this shit." Id. After Plaintiff told Defendant "he did not realized [sic] that he had taken extra time . . . Defendant pulled Plaintiff out the [sic] office and pushed him down the hall." Id. "[A]s Defendant was pushing Plaintiff down the hall, Plaintiff slipped in a wet spot in front of the showers and serious [sic] injured his back." Id. Defendant and a second officer tried to pick Plaintiff off the floor, but Plaintiff refused to get up claiming he was in pain. Id. Defendant then "placed his knee in Plaintiff's back causing him more pain." Id. Although Plaintiff asked Defendant to stop, "Defendant continued to pushed [sic] all his weight on Plaintiff's back." Id.

Plaintiff alleges the force Defendant used was "not applied in good faith efforts to restore order, but rather unnecessary and wanton [sic] to induce pain." Id. at 12. According to Plaintiff, Defendant "had a calculated intent to inflict unnecessary and wanto [sic] pain on Plaintiff by pushing Plaintiff into his office then against the wall." Id.

### III.
### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

---

[1] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

2

U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se,

particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION
### THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY

**A. APPLICABLE LAW**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." <u>Brooks v. Sulphur Springs Valley Elec. Co-op.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar also applies to state officials who are sued in their official capacity. See <u>Pennhurst</u>, 465 U.S. at 117 ("A federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when . . . the relief sought and ordered has an impact directly on the State itself.").

**B. ANALYSIS**

Here, Plaintiff is suing Defendant, a state prison official, in his official capacity. Because the Eleventh Amendment bars suits against state prison officials

acting in their official capacity, Plaintiff's excessive force claim against Defendant in his official capacity must be dismissed.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may dismiss the claim against Defendant in his official capacity and proceed solely on the claim against Defendant in his individual capacity. **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal form. If Plaintiff selects this option, he should indicate dismissal of Defendant *in his official capacity only*.**

3. Alternatively, Plaintiff may request a voluntarily dismissal of the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **If Plaintiff selects this option, he should indicate dismissal of the action *in its entirety* on the Notice of Dismissal Form.**

Dated: December 12, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge